CITY OF NATCHEZ v. W. H. MALLERY, ADMINISTRATOR.

ULTRA VIRES.   *Contract to pay money for land.   Lien reserved by vendor.*
   A corporation which buys land and receives a deed in which an express
   lien is reserved for its price, cannot retain the land and escape pay-
   ing in money because of incapacity to contract or pay in any thing
   but warrants on its treasury.

APPEAL from the Chancery Court of Adams County.
Hon. THOMAS Y. BERRY, Chancellor.

Casey Mallery filed this bill against the board of mayor and
aldermen, successors of the board of school directors, of the
city of Natchez, to enforce an express lien for $2,000, balance
of purchase-money, reserved in the deed by which he conveyed
a piece of land to the directors for a school site.   The answer
alleged that the board of directors had not the power to agree
to pay the sum in cash, but could only pay by warrant on the
county treasurer, payable out of the school-house fund of the

school district of the city of Natchez; and that on the com-
plainant presenting his note at a session of the board, they had
ordered such a warrant to issue; but he, declining to receive
it, had withdrawn his claim. After revivor on the death of
Mallery, in the name of his administrator, that part of the
answer was expunged on exception; and on final hearing there
was a decree for the complainant, from which the city appealed.

   *T. Otis Baker*, for the appellant.

In all cases whatever, a promisor will be discharged from all
liability, when the non-performance of his obligation is caused
by the act, or the fault, of the other contracting party. 2 Par-
sons on Contracts (5th ed.), 676, and notes; *Chartier* v. *Mar-
shall*, 51 N. H. 400; s. c. 56 N. H. 478; 5 Mass. 67; 4 Wend.
377; 4 Cow. 39; 3 Hill, 570; 3 Johns. 527; *Grandy* v.
*McCleese*, 2 Jones, 142; *Warters* v. *Herring*, 2 Jones, 46. The
matter of the defendant's answer embraced by the complain-
ant's exception sets up that the non-performance of the ven-
dee's obligation was caused by the act or fault of the vendor,
and is therefore material, and hence not impertinent. This
proposition will be rendered obvious by considering what were
the full terms of the contract. These terms are not to be
gathered from the deed and note alone, but from the deed and
note taken in connection with the provisions of the school
law of that date; for it is a universally recognized principle
that " the laws which exist at the time and place of the mak-
ing of a contract, and where it is to be performed, enter into
and form part of it. This embraces alike those which affect
its validity, construction, discharge and enforcement." *Walker*
v. *Whitehead*, 16 Wall. 317. This is especially true of the con-
tracts of a *quasi* corporation such as the vendee, because its
charter is to be strictly construed, and its powers exercised
only in the manner pointed out by that instrument. 1 Dillon
on Municipal Corporations, §§ 10 *a*, 55, 372, and notes; *Bea-
man* v. *Board of Police*, 42 Miss. 237, 247; 12 Wheat. 68;
2 Cranch, 167–169; *Thomas* v. *Richmond*, 12 Wall. 356. The
school law of 1870, therefore, entered into and formed part of
the contract in question. See Laws 1870, p. 1 *et seq.* See
also Code 1871, § 1992 *et seq.*, which was in force when the
note matured.

Counsel then reviewed the statute at length, and contended that it appears from the law, —

1. That the moneys for the payment of school sites in the city of Natchez were held by the treasurer as part of a separate and distinct fund, designated as the school-house fund of that district.

2. That these moneys could not be transferred or paid by the treasurer to a creditor of the school board or school-house fund upon the mere presentation to him of the original claim or evidence of debt, but could only be paid out upon the presentation to him of a formal warrant executed in the manner prescribed by the statute. The mode was designated by the statute. *Beaman* v. *Board of Police*, 42 Miss. 237, 247, 248; *Head* v. *Providence Ins. Co.*, 2 Cranch, 167, 169; *Bank of the United States* v. *Dandridge*, 12 Wheat. 67, 69.

3. That such a warrant could only be issued upon an order of the board to that effect, a record being kept " of all matters coming before the board and of all accounts allowed," the law thus contemplating what has been established on principle by the decisions; namely, that creditors of a *quasi* or municipal corporation must present their claims and make demand for payment before they can put the corporation in default. *Pekin* v. *Reynolds*, 31 Ill. 529; *Hayes* v. *Symonds*, 9 Barb. 269.

4. That the warrant could only be issued upon the presentation and surrender of, and in substitution for, the original evidence of debt, the law clearly not contemplating the co-existence of two evidences of the same debt susceptible of rendering the corporation liable to be twice charged without any remedy at law, especially when the taking of a warrant would not extinguish or discharge the original debt or cause of action. *Short* v. *New Orleans*, 4 La. Ann. 281; *Goldsmith* v. *New Orleans*, 5 La. Ann. 436; *Wadlington* v. *Covert*, 51 Miss. 631.

5. The complainant knew that " he had no right to expect or demand payment out of any other fund or *in any other mode* than that designated by statute." *Beaman* v. *Board of Police*, 42 Miss. 237, 247, 248; *Thomas* v. *Richmond*, 12 Wall. 356. He will be presumed to have assented to the usage thus estab-

lished by law, to have contracted in reference to it, to have assented to the statutory mode of receiving payment, and to have accepted the note under an implied engagement to conform to the established usage. *Lincoln Bank* v. *Page*, 9 Mass. 155; *Weld* v. *Gorham*, 10 Mass. 366; *Renner* v. *Bank of Columbia*, 9 Wheat. 584; *Bank of Utica* v. *Smith*, 18 Johns. 239; *Varner* v. *Nobleborough*, 2 Greenl. 126; *Pease* v. *Cornish*, 19 Maine, 191.

The contract on the part of the vendee was, therefore, in substance, that, upon presentation of the note at maturity by the vendor, with an application or demand for a warrant for the amount thereby evidenced, the vendee would order and direct the issuance, in lieu of the note, of a duly executed warrant upon the proper treasurer, authorizing him to pay out of the "school-house fund" the amount due under the contract.

*J. Z. George*, on the same side, made an oral argument.

*A. H. Handy*, for the appellee, argued the case orally, and filed a brief making the following points: —

1. The act of the legislature, under which the sale took place, does not expressly restrict the payment of the purchase-money in such a case to warrants issued by the board on the treasurer. The learned counsel then reviewed the act, citing 32 Miss. 302; 35 Miss. 630; 1 Dillon on Municipal Corporations, §§ 371, 372, 381, 766. It had, therefore, the power to contract for payment in money.

2. It is admitted that the board entered into the contract in writing, promising to pay the balance of $2,000 of the purchase-money by a stated time, and agreed that the same should be secured by the express mortgage, to be enforced in case of default of payment.

3. The claim by the board of the right to pay by warrant on the treasurer was a refusal to pay in any other mode, and a denial of the right to receive payment in the mode specified in the contract. There is, therefore, no force in the objection that there was not a demand and refusal prior to suit.

4. It will be borne in mind that this is not a suit for a *personal* judgment, but a proceeding *in rem* for the *purchase-money*.

CHALMERS, J., delivered the opinion of the court.

This proceeding *in rem* seeking nothing but the subjection of the land conveyed, it seems manifest that the vendee cannot, without offering to surrender the land, escape payment of the purchase-money on the ground that it had no authority to enter into the contract. If it had made expenditures upon the property, it might be that the vendor would be held to have notice of its legal incapacity to make the purchase, and it might consequently be entitled to a rescission and an account; but nothing of the sort is asked here.

So, also, if we grant that parties contracting with corporations of this character, which by law can pay debts only by the issuance of warrants on their treasury, are entitled ordinarily to receive warrants only in liquidation of their demands, the principle will not apply where, by the terms of the contract, real estate has been mortgaged for its purchase-money. In such case, the contract, by its terms calling for money, must be enforced, or the property surrendered.

There is no force in the objection that no demand was made previous to suit brought, because, granting this to be necessary, the record shows that demand was made and a tender of warrants offered, which, as we have seen, was insufficient.

*Decree affirmed.*