58 219
62 180

THE UNION HARDWARE COMPANY *vs.* THE PLUME & ATWOOD MANUFACTURING COMPANY.

New Haven and Fairfield Cos., Oct. T., 1889. CARPENTER, PARDEE, LOOMIS, SEYMOUR and PRENTICE, Js.

A corporation agreed with the plaintiffs to sell goods of their manufacture on commission at a price to be fixed by the plaintiffs and to account for all sales. The goods were received, and sold by the corporation for less than the price fixed, and the money received for them accounted for to the plaintiffs. Held, in a suit to recover the balance—

1. That the corporation could not set up in defense that the undertaking was *ultra vires.*

2. That the plaintiffs were, entitled to recover the balance of the price agreed, deducting the defendant's commissions on the sum; also interest from the time the sum became due.

[Argued November 15th—decided December 30th, 1889.]

ACTION to recover for goods sold by the defendant corporation for the plaintiffs upon a commission; brought to the Superior Court in New Haven County, and tried to the court before *Andrews, J.* Facts found and judgment rendered for the plaintiffs and appeal by the defendant. The case is sufficiently stated in the opinion.

*S. W. Kellogg*, for the appellant.

1. The defendant had no power to make the contract in question. The powers of a corporation are limited to those specified in its charter, or in the case of a joint stock corporation to those specified in its articles of association, with such as are necessary or incidental thereto, and it is not claimed on the other side that under these articles the defendant had power to undertake the business out of which the present liability is claimed to grow. *Hood* v. *N. York & N. Haven R. R. Co.*, 22 Conn., 1; s. c., id., 502; *Oregonian Railway Co.* v. *Oregonian Railway & Navigation Co.*, 20 Am. & Eng. Railway Cases, 524, 528; *Davis* v. *Old Colony R. R. Co.*, 131 Mass., 258; *Downing* v. *Mt. Washington*

*Road Co.*, 40 N. Hamp., 230; *Franklin Co.* v. *Lewiston Inst. for Savings*, 45 Maine, 43; *Thomas* v. *Railroad Co.*, 101 U. S. R., 71; *Ashbury Railway Carriage Co.* v. *Riche*, L. R., 7 H. L. Cas., 653. And the plaintiff was bound to take notice that the defendant had not this power, as its articles of association were a matter of public record. *Pearce* v. *Madison & Indianapolis R. R. Co.*, 21 How., 441. See also 2 Morawitz on Corp., §§ 580, 591; *Alexander* v. *Cauldwell*, 83 N. York, 480.

2. The defendant is not estopped from setting up its want of power. The plaintiff was not induced in any manner by the defendant to enter into the contract. It will be taken to have known from the public records what were the limitations of the defendant's power, and so it was not misled. Authorities before cited.

3. The court erred in not deducting the commissions from the amount for which the defendant was adjudged liable. These were provided for by the contract. It erred also in charging the defendant with interest. *Wells* v. *Abernethy*, 5 Conn., 222; *Clark* v. *Clark*, 46 id., 586; 3 Parsons on Cont., 6th ed., 105, note; *White* v. *Miller*, 78 N. York, 393; *Mansfield* v. *N. York Central R. R. Co.*, 114 id., 331.

*H. B. Graves*, for the appellee.

PRENTICE, J. The defendant was a joint stock corporation whose purposes and powers were by its articles defined to be as follows :—

"The purpose for which said corporation is formed is the following, to wit: to manufacture metals of which copper, spelter or nickel, or like substances, form the whole or parts thereof, and to manufacture said metals or substances into articles made wholly or in part therefrom; to buy, sell, own and deal in any and all real and personal property necessary or convenient for the prosecution of said business; and generally to do all things incidental to said business and to the proper management thereof.

For the purposes of its business the defendant maintained

a store in the city of Boston for the sale of its own goods and other allied articles. The plaintiff was a manufacturer of skates. In 1877 the plaintiff and defendant entered into an agreement whereby the defendant became the selling agent of the plaintiff in Boston. The terms of this agreement were reduced to writing. By its provisions the defendant undertook to handle the plaintiff's product, and the plaintiff undertook to consign its goods to the defendant to be sold. The goods were to remain the plaintiff's property until sold, the selling prices were to be such as the plaintiff should from time to time fix, and all sales were to be accounted for upon receipt of payment. For its services the defendant was to receive a commission. The parties acted under this agreement for several years, and annually settled their accounts to their mutual satisfaction, the plaintiff often allowing rebates from the consigned or established price. In the fall of 1885 the plaintiff, acting under this agreement, sent to the defendant a consignment of skates for sale at certain fixed prices appearing in its list. Sharp business competition during the winter induced the defendant, against express directions of the plaintiff, to cut prices and sell the skates at a considerable reduction from the established price. The amount received upon these sales had been accounted for by the defendant. The complaint sets up these facts, and seeks to recover the balance due for the goods so sold.

Defense is made upon the ground that the alleged agreement and the defendant's undertaking to sell the skates were in excess of its corporate powers, and that therefore it is not bound by the terms of the agreement. In the opinion of the court it is altogether immaterial whether or not the agreement was *ultra vires* as claimed. The defendant's undertaking under it was not one prohibited by law. It was at most only in excess of corporate powers. In pursuance of the agreement the defendant has received from the plaintiff its goods and sold them. Having thus received the benefit of the agreement, the law will not allow it to set up its own wrong to enable it to escape responsibility. Having received the property of the plaintiff in pursuance of the agreement

it will not be suffered to appropriate it, and under the plea of *ultra vires* defeat recovery therefor. It will so far be held to the terms of the contract. This principle of law is recognized by all the modern text-writers and by the great current of modern decisions.

Wood's Field on Corporations, 355, states the rule as follows :—" It is evident that by the plainest principles of justice corporations making contracts in such cases and receiving the consideration and full benefits of the same should not be' allowed to defeat the obligations made by them therefor, or at least should not be permitted with impunity to appropriate the property of another received by virtue of such contract, and under the plea of *ultra vires* defeat any recovery therefor." See also 2 Morawitz on Corporations, §§ 581, 689 ; Sedgwick's Stat. & Const. Law, 90 ; *Township of Pine Grove* v. *Talcott*, 19 Wall., 666, 678 ; *Railway Co.* v. *McCarthy*, 96 U. S. R., 258, 267 ; *Whitney Arms Co.* v. *Barlow*, 63 N. York, 62, 70 ; *Oil Creek & Allegheny River R. R. Co.* v. *Penn. Transportation Co.*, 83 Penn. St., 160, 166 ; *Chicago Building So.* v. *Crowell*, 65 Ill., 453, 460 ; *State Board of Agriculture* v. *Citizens' Street Railway Co.*, 47 Ind., 407, 411.

This court, in *Fuller & Wife* v. *Naugatuck R. R. Co.*, 21 Conn., 557, clearly recognizes this doctrine.

Objection is made to the allowance of interest by the court below. The defendant contracted to promptly account for the proceeds of all sales. The plaintiff has suffered not only from the non-payment of the price of the goods sold, but by its detention for several years. Interest was therefore properly considered as an element of the plaintiff's damage.

The court below neglected to make allowance to the defendant for its commissions. This oversight should be corrected. These commissions with interest amount to $164.66.

There is error in the judgment below to the amount of $164.66 in not allowing commissions. Otherwise there is no error, and the judgment should be affirmed for $2,209.05.

In this opinion the other judges concurred.