QUANTMEYER v. J. H. MOHLMAN CO.

(Supreme Court, Appellate Term. October 4, 1899.)

1. CORPORATIONS—CONTRACT BY AGENT—RATIFICATION.
     A corporation cannot deny the authority of an agent to make an agree-
ment by which he secured the release of a mortgage on the property of a
debtor of the corporation, where it availed itself of the benefits of such
agreement by selling the property and retaining the proceeds.
2. ESTOPPEL—SECURING BENEFIT OF CONTRACT.
     Where defendant agreed to pay plaintiff the amount of a debt secured
by mortgage on property of a common debtor in consideration of the re-
lease of the mortgage, so as to enable defendant to sell the property to
better advantage, and thereby secured such release and sold the property,

it cannot defend against an action to enforce the agreement on the ground that the mortgage was invalid.

Appeal from city court of New York, general term.

Action by August Quantmeyer against the J. H. Mohlman Company. Judgment for plaintiff was rendered on a verdict, and from an order affirming the same and denying a motion for a new trial (59 N. Y. Supp. 1113) defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

William O. Miles, for appellant.

Mortimer A. Ruger, for respondent.

MacLEAN, J. Quantmeyer, the plaintiff, on the 1st of July, 1898, took from one Hobelmann a chattel mortgage upon his grocery stock, furniture, fixtures, horse, wagon, and other things, at 1814 Madison avenue, in the city of New York, to secure the sum of $1,500. The mortgage was filed and recorded September 22d. On the 26th of September the defendant company began an action against Hobel-mann for $676.26, and procured a warrant of attachment to be issued to the sheriff, who took possession of the grocery and stock. Then, as the plaintiff alleges, the defendant offered and promised that if he (the plaintiff) would cancel the chattel mortgage, and surrender to the defendant all of his right, title, and interest in the grocery and stock, the defendant would pay the $1,500 as soon thereafter as a sale of the store was made. The defendant in its answer admitted the existence and recording of the mortgage, though it denied that it was valid, and alleged that the agreement between the parties was that, upon a sale, the proceeds thereof in excess of the defendant's demand, costs, charges, and expenses should be paid to the plaintiff, or applied on his account. Quantmeyer told his story to the jury. The defendant's side of the case was told by the defendant's assistant treasurer, one Fitzsimmons, with whom Quantmeyer had treated and bargained, and who, and who alone, had acted for the defendant in the whole transaction. The plaintiff's statements were in the main corroborated by Hobelmann; those of Fitzsimmons, by one of the salesmen of the defendant. The jury rendered a verdict in favor of the plaintiff, whose evidence quite warranted such a verdict.

This appeal is pressed by defendant's counsel upon four alleged errors:

First, that it was error to receive any evidence of the agreement set up by the plaintiff, because there was no evidence that Fitzsimmons had any authority to make such an agreement, and no such authority was to be presumed. Enough, however, was shown in the case to prove sufficient authority in him for whatever he claims to have done. The defendant, in its answer, verified by Fitzsimmons, set up that an agreement was made between the parties, but a different one. Fitzsimmons, who was the defendant's chief witness, testified that nearly all of the business of the company was turned over to him. This was not gainsaid by any one. On the contrary, every witness, whether called by the defendant or the plain-

tiff, testified to some fact tending to the same conclusion.    Moreover, Fitzsimmons' acts were adopted by the defendant, which, after the cancellation by Quantmeyer of his mortgage, took over the property, and sold out the store and stock for $930, all of which, except $24 credited to the plaintiff, it retained, having absorbed the rest with its original claim, $676.26, and costs, disbursements, and charges.

Secondly, it is urged that the justice erred in refusing to permit the appellant's counsel to state the reason of his objections.    This, if based upon facts, would be a serious matter, as showing that the justice was not only remiss in the courtesy due to a counselor of the court, but also precluded a lawyer from doing his duty towards his client.    Nothing of the kind appears, however, in the record, which shows that the defendant's counsel was allowed and availed himself of ample opportunity to make and state objections, and many of them, and that the learned justice very properly stated that the time for extended argument upon the objection "irrelevant and immaterial" could not be afforded in the part of the court in which cases are to be tried within an hour.

Thirdly, it is contended that the court erred in permitting the plaintiff to testify as to the value of the store, because he was not qualified as an expert.    That objection was not taken on the trial, but only "irrelevant and immaterial."

Fourthly and lastly, it is claimed that the court erred in refusing to charge that the chattel mortgage to respondent was void as against appellant's claim against Hobelmann; and this, because the goods sold by the defendant to Hobelmann were sold between the 1st of July and September 26th,—that is, after the date of the mortgage. What sales were made in the four days between the filing of the mortgage and the 26th day of September does not appear, and therefore it well may be that the mortgage was void as to some of the claim and good as to the rest.    Be that as it may, the cancellation of the mortgage was of recognized advantage to the defendant; for, as was said by Fitzsimmons himself, nobody would be likely to buy the property with a mortgage on it, and it was the purpose of the defendant to oust the sheriff and sell the property at private sale.    The order and judgment appealed from should be affirmed, with costs to the respondent.

Order and judgment affirmed, with costs.    All concur.