### SARAH J. SIMPSON V. THE EGAN COMPANY.

1. A written contract for the sale of lands payable in stock of an incorporated company with an agreement to re-purchase the stock in ten years at a stipulated price, is, in its last analysis, a contract obligation to pay the contract price in money, if demanded by the seller at the expiration of the stipulated period.

2. Upon tender of stock and refusal to pay, the action is practically one at law for money only. The stock consideration was subject to redemption in money. It was not an agreement to receive an equal amount of stock but an option to deliver back the particular stock sold and receive a stipulated cash consideration. It was, in effect, a deferred payment secured by the stock during the stipulated period.

3. An incorporated company entering into a contract against its granted powers, estopped, after fully receiving and enjoying the benefits from setting up as a defense its want of power to make the contract.

HOSEA, J.

Demurrer to second amended petition.

Suit is for the purchase price agreed to be paid for real estate in Cincinnati upon a contract, in substance as follows: The defendant proposed in writing on February 16, 1893, to buy the property described and to pay for the same $30,000 in stock of the J. A. Fay & Egan Company, agreeing to buy said stock from the holder thereof on or before ten years from said date at $45,000, which proposal was duly accepted. Other incidents of the contract are not material to the present inquiry.

The demurrer is general, grounded upon insufficiency of facts. Under the demurrer, the acceptance of the proposition constituting a contract in due form, the due conveyance of the property and its possession during the ten years, and at the present time by the defendant, are admitted; as also are the tender of the stock and demand refused.

The argument in support of the demurrer is based wholly on the doctrine of *ultra vires* as bearing upon the agree-

ment to purchase the stock at the expiration of the ten years.

I have carefully reconsidered the construction of the contract in question adopted tentatively in passing upon the first demurrer. As then stated:

"The agreement (as to purchase of stock) is an inseparable part of the main contract and governed by it. The stock consideration for the purchase was paid and received subject, for a fixed period, to the vendor's right to have redemption in money. This clause was not a contract for the bargain and sale of stock upon which a tender could be made of any stock of that kind and amount, but an option to deliver up the particular stock held as the consideration of the sale of the real estate and receive cash in lieu thereof."

This seems to me to correctly state the legal meaning of the contract in question. The agreement does not intimate that the value of the property as embodied in the consideration was $30,000. On the contrary, the wording of the contract seems carefully chosen to avoid such inference. The agreement is to pay so much in stock at face value, and *in further consideration,* to repurchase said stock in a given time at $45,000.

It was said in the former opinion that this was, in effect, a guarantee of the value of the stock originally paid; but perhaps a more accurate statement of the nature of the contract is that it provided in effect for a deferred payment of $45,000 secured by a delivery of stock of the face value of $30,000.

In either aspect, the applicability of the doctrine of *ultra vires* is questionable.

So far as the plaintiff is concerned, the conduct was fully executed by the transfer of title and possession of the property pursuant to the contract ten years ago. Can the defendant now plead its want of power to make the contract as a defense to a suit for the price?

In *Hayes* v. *Galion Gas Light Co.,* 29 O. St., 330 (340), it said:

"The rule seems well established that when a contract has been executed and fully performed on the part either of the corporation or of the contracting parties, neither will be permitted to insist that the contract and such performances by the one party were not within the power of the company." (Citing 7 Ohio, 412; 63 N. Y., 62; 4 D. G. McG., 19; 5 McG., 131.)

This case is based upon *Bank of Chillicothe* v. *Mayor, etc., of Chillicothe,* in 7 O. 315 (2 vol. ed.), wherein Judge Hitchcock examines the question with exceeding care and fullness upon the following apt paraphrase of the question itself:

"True, you loaned us this money, you did it at our earnest solicitation, we have used it for our own benefit, but we have no power to borrow, we violated our charter in so doing, and we will take advantage of this, our wrongful act, to protect ourselves from the payment of that which is your honest due."

These views have been further emphasized in later Ohio cases, namely: 40 St., 274, *Larwell* v. *Savings Society;* 47 St., 296, *Armstrong* v. *Karshner;* 60 St., 96, *Gas & Fuel Co.* v. *Dairy Co.*

It will be observed that in these cases the principle of decision is that of estoppel—where the entire completion of performance on one side, together with continued possession and enjoyment of the usufruct, makes it an inequitable thing to refuse to yield the consideration contracted for.

The great weight of judicial authority in the United States upholds the proposition that where a private corporation has entered into the contract against its granted powers and has received the fruits or benefits of the contract, it is estopped from setting up the defense of no power to make. Following are some of the later cases: *Lurton* v. *Jacksonville Loan Ass'n,* 87 Ills. App., 305 (affi'd 187 Ills., 141); *People* v. *Suburban R. R. Co.,* 178 Ills., 594; *Manchester Rwy.* v. *Concord Rwy.,* 66 N. H., 100; *Union Bk.* v. *Wright* (Tenn.), 58 S. W., 755; *Smith* v.

*Farries* (Cal.), 51 Pac., 710; *Union Hardware Co.* v. *Plume, etc., Co.,* 58 Conn., 219; *Wright* v. *Hughes,* 119 Ind., 324; *Beach* v. *Wakefield,* 107 Iowa, 567; *Opera House Co.* v. *Mercantile Co.,* 59 Kansas, 778; *Butterworth* v. *Knitzer Co.,* 115 Mich., 1; 57 Mich., 146 (Cooley, C. J.); *Natchez* v. *Mallery,* 54 Miss., 499; *International Co.* v. *Davis Mfg. Co.,* 70 N. H., 118; *Chapman* v. *Ironclad Co.,* 62 N. J. L., 497; *Seymour* v. *Spring Forest Cemetery Ass'n,* 144 N. Y., 333; *Tyler* v. *Tualatin Academy,* 14 Oregon, 485; *Pittsburg, etc., R. R. Co.* v. *Shaw,* 14 Atl., 323; *Williamson* v. *Eastern Building Ass'n,* 54 S. C., 582; *Brillen* v. *Milwaukee Trading Co.,* 199 Wisc., 41; contra *Sioux City Terminal Co.,* case 178 U. S., ——.

Demurrer overruled.

*John R. Sayler* and *John C. Healy,* for plaintiff.
*Harlan Cleveland* and *Bromwell & Bruce,* for defendant.