## KINCHELOE IRRIGATING COMPANY v. HAHN BROTHERS & COMPANY.

### No. 2229.  Decided May 22, 1912.

**1.—Evidence—Agency—Conclusion of Witness.**

The authority of its general manager to act for the defendant corporation in making a contract being uncontroverted, a witness with whom he contracted was properly permitted to state that such agent represented defendant in making the contract—the testimony being addressed to the question whether he acted for defendant or for another in so doing, not to that of his authority to act for defendant. Arndt v. Boyd, 48 S. W., 771, and Southern H. B. & L. Assn. v. Winans, 24 Texas Civ. App., 544, distinguished. (Pp. 234, 235.)

**2.—Same.**

A witness was properly permitted to testify that plaintiffs, rice planters, got their seed for planting from defendant corporation and delivered to such corporation one-half of the crop harvested. Though the relevant fact was whether such dealing was with defendant or with another, and defendant could only act through agents, the testimony was to a fact rather than to a conclusion of the witness. (Pp. 235, 236.)

**3.—Contract—Agent Exceeding Authority—Performance.**

That the agent of defendant exceeded his authority in making the contract sued on, is not available as a defense where the principal undertook the performance of the contract, partly performing it and accepting benefits thereunder. (P. 236.)

**4.—Corporation—Ultra Vires—Performance.**

An action for damages for breach of a contract will not be avoided by the plea of ultra vires when the corporation has received benefits under the alleged illegal contract; it is estopped thereby from denying its power to make the contract. (P. 236.)

**5.—Jurisdiction of Supreme Court—Questions of Fact.**

The Supreme Court can not reverse for insufficiency of proof where there is evidence to sustain the findings complained of. (Pp. 236, 237.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Wharton County.

Hahn Bros. & Co. sued the Kincheloe Irr. Co. and had judgment, which was affirmed on appeal by defendant. The latter then obtained writ of error.

The contract of defendants in error in this case was made with one Bullock, who was general manager of the irrigation company, incorporated to control an irrigation plant and furnish water for irrigation. Bullock was also manager for Templeton & Bullock, engaged in leasing to tenants irrigated land belonging to Templeton. The issues were as to whether Bullock, in making the contract, acted for Templeton & Bullock or for the irrigation company; whether he had authority from that company to lease the lands, which they did not

own; and whether the company had any power under its charter to engage in such business.

*G. G. Kelley* and *Proctor, Vandenberge, Crain & Lewright,* for plaintiff in error.—A witness cannot testify that he made a contract with A, *who was representing B in making said contract,* because such statement, as to an agency of A for B, is a conclusion of the witness on a question involving both law and fact. Southern Home B. & L. Ass'n v. Winans, 24 Texas Civ. App., 544; Arndt v. Boyd, 48 S. W., 771.

It is a familiar rule that, outside of the domain of expert evidence, a witness can only state facts, and he cannot state conclusions, either of fact or law, to be deduced from the facts he states, conclusions of law being the province of the court, and conclusions of fact that of the jury. Johnson v. Martin, 81 Texas, 18; Scott v. Witt, 41 S. W., 404; Rea v. P. E. Schow & Bros., 93 S. W., 706; Shaw v. Gilmore, 66 S. W., 679; Brown v. Mitchell, 88 Texas, 367; Williams v. Livingston, 52 Texas Civ. App., 275; Cullers v. Gray, 57 S. W., 305; 17 Cyc., pp. 25-27.

It was error to permit a witness to testify that the rent rice was delivered to the defendant company, and that the seed rice was obtained by the plaintiffs from the defendant company, same being a direct conclusion of the witness invading the province of the jury. Same authorities.

All the testimony in this case showed that appellant was not a party to the contract sued upon by appellees, and there was no estoppel whatsoever on the part of appellant to make this defense. 10 Cyc., 939-940; Mechem on Agency, secs. 312 and 395; Dallas Ice Factory Co. v. Crawford, 18 Texas Civ. App., 126; Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306; McAlpin v. Cassady, 17 Texas, 463; Blum v. Merchant, 58 Texas, 403; Bynum v. Preston, 69 Texas, 291; 2 Pomeroy's Equity, pages 1421, 1423 and 1444; Waggoner v. Dodson, 96 Texas, 423; Gose v. Coryell, 126 S. W., 1107, 59 Texas Civ. App., 504; Johnson v. Byler, 38 Texas, 606; Cowans v. Ft. Worth & Denver R'y Co., 49 Texas Civ. App., 463; 2 Pomeroy's Equity, pages 1421-1423; Lewis v. Castleman, 27 Texas, 407; 16 Cyc., 747.

*W. L. Hall* and *John E. Linn,* for defendant in error.—The court correctly overruled the motion for an instructed verdict for the reason that it was an issue of fact clearly before the jury under proper instructions, whether the contract was made by defendant or not. The evidence was contradictory in some particulars, and the jury found for appellees on the issues, and this court will not disturb that verdict. Henderson v. Railway, 17 Texas, 573-576; Railway v. Pittman, 4 Texas Civ. App., 172; Malone v. Hathaway, 64 N. Y., 5; Law v. Stokes, 90 Am. Dec., 655; Mining Co. v. Mining Co., 7 Am. St., 238 to 240; Tibbetts v. Levy, 34 N. Y., 58; Hunter v. Watson, 73 Am. Dec., 543; Railway Co. v. Elliott, 78 Am. Dec., 506.

The testimony objected to was not a conclusion, but a statement of fact, and was admissible and competent, and especially so in con-

nection with the evidence that Bullock was the defendant company's general manager at the time, and had been for three years prior thereto; that the contract was an irrigation contract and was made in the company's office, and that in the negotiation thereof Bullock exhibited and showed appellee the company's maps of its canals and lands and then handed witness the company's blank contract, and thereafter furnished the seed rice from the company's warehouse, and that thereafter the company furnished water for a part of the land, and that finally the company by its employees marked for itself and took possession of one-half of the rice to which it was entitled under the contract. This evidence being uncontradicted except by the statement of Bullock that he acted for another unknown and undisclosed principal, was absolutely conclusive. Railway Co. v. Simons, 6 Texas Civ. App., 621; Pullman Palace Car Co. v. Nelson, 54 S. W., 626, 22 Texas Civ. App., 223; Randall v. Van Vechten, 19 Johns., 60; Dubois v. D. & H. Canal Co., 6 Wend., 285; Lawrence v. Taylor, 5 Hill, 107; Ford v. Williams, 62 U. S., 21; Hansen v. R. R., 9 Am. St., 793; Kasson v. Noltner, 43 Wis., 646; Austrian v. Springer, 34 Am. St., 350; Bank v. Railway, 33 Am. St., 712; Anderson v. Timberlake, 62 Am. St., 105; Kohn v. Washer, 64 Texas, 132; Jones v. Williams, 61 Am. St., 436; Libbetts v. Levy, 34 N. Y., 58; Loeb v. Crow, 15 Texas Civ. App., 537; Hull v. Railway, 66 Texas, 620; Hutchinson on Carriers, 267-269; Lawson on Carriers, 229, 230; Merriman v. Fulton, 29 Texas, 104.

The evidence shows without contradiction that the company accepted and ratified the contract and marked, claimed and took possession of the proceeds thereof (one-half the rice) at the time and place contracted, with the manager's knowledge and consent. Loeb v. Crow, 15 Texas Civ. App., 537; Parlin and Orendorff v. Miller, 25 Texas Civ. App., 190; Railway Co. v. Nicholson, 61 Texas, 498; Baldwin v. Polti, 45 Texas Civ. App., 638; Clark v. Collins, 76 Texas, 36; Brennan and Son v. Dansby, 43 Texas Civ. App., 7; Railway Co. v. Jones, 82 Texas, 163; Hayward Lumber Co. v. Cox, 104 S. W., 405; Mechem on Agency, sec. 106; Irrigation Co. v. Sweeney, 81 S. W., 548; Buffalo C. C. M. Co. v. Twendale, 99 S. W., 623.

Mr. Justice Dibrell delivered the opinion of the court.

Hahn Brothers & Company, a co-partnership composed of Peter Hahn and others, as plaintiffs, brought this suit in the District Court of Wharton County against the Kincheloe Irrigating Company, defendant, to recover damages laid at $5,902.00. The cause of action was based on the breach of an alleged contract by the terms of which defendant obligated itself to furnish plaintiffs 360 acres of land, the necessary seed rice and sufficient water for irrigating said lands during the crop season of 1906, plaintiffs to cultivate the land so furnished, harvest the rice crop, and give one-half to defendant. The failure on the part of defendant to furnish a sufficient and timely amount of water for the irrigation of said land, causing a shortage in plaintffs' rice crop, was the constituting cause of the breach of said contract and of the damages resulting therefrom.

The defense interposed was a general denial and special pleas

embodying substantially the plea that if the contract sued on was entered into by Bullock, the agent of defendant, with plaintiffs as alleged, the same was not authorized by defendant and such agent exceeded his authority, and the plea of ultra vires was also interposed in bar of plaintiffs' cause of action. We do not deem it essential to a proper understanding of the question raised by the assignments to state the facts upon which the two special pleas rest further than as they may be disclosed in disposing of such questions.

An intervention was sought by A. W. and H. P. Hahn and granted by the court. The trial was with a jury, and upon a verdict against defendant judgment was rendered in favor of interveners for $4,216.68. Upon appeal to the Court of Civil Appeals the judgment of the trial court was affirmed. (Kincheloe Irrigating Co. v. Hahn Brothers & Co., 132 S. W., 78.) Upon petition to this court on January 30th, 1911, a writ of error was granted with the notation that there was probable error in the rulings complained of in the 7th, 8th and 9th assignments of error. This opinion will be confined principally to a discussion of the questions presented in the three asignments mentioned, as the court in granting the writ considered all the other questions complained of in the Court of Civil Appeals as having been properly settled by that court in its decision.

The error complained of in the seventh assignment is, that the Court of Civil Appeals erred ''in holding that the trial court properly permitted the plaintiff, Peter Hahn, while testifying in chief and in his own behalf, to state that F. M. Bullock was representing the Kincheloe Irrigating Company in making the contract in question, the objection being that said testimony was a conclusion of the witness invading the province of the jury.''

In considering the competency of the statement of Hahn as evidence, we are by defendant's counsel cited to the cases of Southern Home Building & Loan Association v. Winans, 24 Texas Civ. App., 544, 60 S. W., 825, and Arndt v. Boyd, 48 S. W., 771, as in point. In the first of the two cases cited it was held by the majority of the Court of Civil Appeals that it was not competent for a witness to state that a particular person is the agent of a corporation. The doctrine there announced is unquestionably the settled rule where the agency is a disputed fact. But in the case at bar it was an admitted fact that Bullock was the agent of the defendant. He was not only one of the important officers of the defendant, but he was the general manager of the corporation. The objectionable testimony had no relevancy to the question of Bullock's agency. That was a conceded fact, but the question involved was whether Bullock, in making the contract with the witness, acted for Templeton and Bullock or for the Kincheloe Irrigating Company. The witness Hahn, who was one of the contracting parties, either knew or did not know which company Bullock represented in making the contract in question. He was making the contract with Bullock, who was the conceded agent of defendant, and if he knew Bullock represented defendant in the execution of that contract it was competent for him to so state. His knowledge of this fact was not in any sense essentially a conclusion. As a substantive fact he might have known it

for the reason that he approached Bullock as the general manager of defendant to lease the land in question, or from the statement of Bullock that he made the lease contract for defendant. Neither of the cases cited is in our judgment applicable to the facts of this case. The one relates to the method of proving agency and the other to the question of the authority of the wife to act for the husband. No such question is here presented. We quote the following from the case of Arndt v. Boyd, above referred to: "Question: 'From your dealings with Mr. and Mrs. Arndt, before and at this time, who run the business on the Arndt place?' Answer: 'Mrs. Arndt, wife of defendant, run and managed the business; in fact, seemed to be boss, and Arndt acquiesced in what she did.' The witness did not state any transaction or dealing with either husband or wife when the other was present, nor in fact any with either relating to the wife's agency for the husband. This evidence was objected to on the ground that it was irrelevant, and was merely the conclusion of the witness. We think it was objectionable on both grounds. The fact sought to be established by the evidence was the wife's authority to act for the husband. Such authority must, in some way, have been conferred by the husband. Of course, it might be proved by circumstances, and implied from his conduct. But, in order to authorize an inference of its existence, it was necessary for the witness to state the fact from which it was to be drawn, and leave the court and jury to make the conclusion."

The statement of the issues involved in the case quoted from is all that should be required to show the dissimilarity of the questions presented in that and in this case. In commenting on the question decided in the Arndt case, since the question there presented is not analogous to the one presented in this case, we neither approve nor disapprove the conclusion there reached by the Court of Civil Appeals.

A fuller examination of the record leads us to conclude that there was no error in permitting the witness, Peter Hahn, to state that Bullock, in making the contract in question with him, acted for the Irrigating Company.

Complaint is made in the eighth and ninth assignments that there was error in permitting the witness Hahn to state that plaintiffs got the seed rice to plant their crop for the year 1906 from the Kincheloe Irrigating Company, and that one-half of the rice crop for that year was delivered to said company, for the alleged reason that said testimony was the conclusion of the witness. If the witness knew the facts stated, we are unable to understand why he should not have been permitted to state such facts to the jury. Corporations act exclusively through agents, and if the rice was delivered or caused to be delivered to plaintiffs by an agent of defendant, it was competent for the witness to state that plaintiffs got the rice from defendant. If one-half of the rice was delivered to the employes of defendant in charge of its teams and whose duty it was to collect the rent rice and to haul it from the field for defendant, we think it was a statement of a fact to say the rice was delivered to defendant, and such statement was not the conclusion of the witness. If it was developed upon cross examination that the witness had stated facts not

within his knowledge, the proper practice would have been to move to withdraw such testimony from the consideration of the jury. We find no such proceeding in the record. Believing the testimony complained of as a conclusion of the witness to have been rather the statement of facts known or that might have been known to the witness, we find no error in the admission of same.

The contention so strongly urged by eminent counsel for the defendant that the general manager of the Irrigating Company exceeded his authority if he made the contract declared upon by plaintiffs, and that the purposes of defendant's incorporation did not authorize the leasing of land, might under a different state of facts present a perfect defense. It is conceded to be a correct proposition of law that a general agent cannot exceed his authority and thereby bind his principal. But when we attempt to apply this principle to the case at bar we are met with the issuable facts that defendant undertook the performance of the contract, partly performing it and accepting benefits thereunder.

If Bullock, as defendant's general manager, exceeded his authority in making the contract with plaintiffs, it becomes immaterial as a defense against a claim for damages growing out of the breach of such contract, if as a matter of fact defendant undertook the performance of the contract so entered into. Evidence was offered to show that defendant undertook to comply with the terms of the agreement, and hence the plea of authority exceeded is not available as a defense.

If the contract entered into was for a business not authorized by defendant's charter and therefore ultra vires, a plea setting up such defense is unavailing if, as matter of fact, the corporation received benefits under such agreement. It may be stated as a rule of law that an action for damages for breach of contract will not be avoided by the plea of ultra vires, when the corporation has received benefits under the alleged illegal contract. In such a case and under such circumstances the corporation is estopped from denying its power to make the contract. Steger v. Davis, 8 Texas Civ. App., 23, 27 S. W., 1068; 10 Cyc., 1156; Main v. Casserly, 67 Cal., 127; Colorado Loan etc. Co. v. Grand Valley Canal Co., 3 Col. App., 63, 38 Pac., 178; Union Hdw. Co. v. Plume etc. Mfg. Co., 58 Conn., 219, 20 Atl., 455; Chapman v. Ironclad Rheostat Co., 62 N. J. L., 497, 41 Atl. 690; Quantmeyer v. J. H. Mohlman Co., 29 Misc., 746, 60 N. Y. Supp., 220; also 28 Misc., 795, 59 N. Y. Supp., 1113.

A strong presentation is made by defendant's counsel of their claim that the evidence fails to show that the Irrigating company was a party to the contract sued on, or that the contract was performed by defendant or that defendant received benefit thereunder. However weak the testimony may be to establish these essential facts, if there is any testimony of any probative force in the record showing or tending to show that Hahn made the contract with Bullock as the representative of the Irrigating Company and not for Templeton and Bullock, that the contract was undertaken to be performed by defendant, and that defendant received one-half of the rice crop as its share of the rent, we are denied jurisdiction to make further

inquiry into the subject. Conceding there is a weakness in the testimony as found in the record to establish the facts above indicated, we cannot say there is no testimony of any probative force tending to establish such material facts. This being the case, and the court having fairly presented these issues to the jury, their verdict cannot be disturbed by this court. Finding no error in the judgment of the Court of Civil Appeals, the same is affirmed.

*Affirmed.*