**MILLERS' INDEMNITY UNDERWRITERS v. HUGHES .et al.    (No. 1002.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 19, 1923.)

**1. Master and servant ⊕417(5)—Compensation award immaterial to any fact tried in suit to set aside award.**

While the petition, in a suit to set aside an award of the Industrial Accident Board, must refer to the proceedings before the Board, in order to show jurisdiction in the court, the question of jurisdiction is for the court and the award is immaterial to any fact issues to be tried by the jury, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, requiring that the trial be de novo and that the burden of proof be on compensation claimant.

**2. Master and servant ⊕417(5)—Introduction of compensation award in evidence held prejudicial.**

In a suit by the insurer to set aside an award of compensation made by the Industrial Accident Board, where the questions whether decedent was injured in the course of his employment, and whether the injury caused his death, were contested and the evidence was meager, introduction of the award, containing findings that injury in the course of employment caused death, was prejudicial to plaintiff.

**3. Master and servant ⊕417(5)—Compensation award held inadmissible though made part of pleadings.**

That insurer, suing to set aside an award of compensation by the Industrial Accident Board, made the award part of its pleadings did not justify introduction of the award in evidence on the theory that the jury might have taken with them and considered the pleadings, as the pleadings are not evidence on which contested fact questions may be determined.

**4. Master and servant ⊕418(5)—Error in introducing compensation award in evidence not invited by incorporating award in petition.**

Error in introducing the award of compensation as evidence in a suit to set it aside *held* not invited by inclusion of a copy in the petition, in which it was necessary to refer to the award in order to show jurisdiction in the court.

**5. Master and servant ⊕417(5)—Instruction on burden of proof in compensation suit held erroneous.**

In a suit by the insurer to set aside an award of compensation, an instruction that the burden was on plaintiff to establish the material allegations of its petition *held* erroneous as in contravention of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, which places the burden of proof on compensation claimant.

**6. Master and servant ⊕418(5)—Instruction on burden of proof in compensation suit award held prejudicial error.**

In a suit by the insurer to set aside an award of compensation, a charge placing the burden of proof on plaintiff in contravention of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, placing the burden on compensation claimant, *held* prejudicial error; it being impossible to say what effect it had on the jury.

**7. Trial ⊕51—Testimony as to wages of deceased employee held not objectionable as hearsay and opinion evidence.**

In a suit by the insurer to set aside an award of compensation for death, testimony of decedent's wife that he was getting $6.50 a day and working every day *held* admissible, as against the objection that it was hearsay and opinion evidence; plaintiff being entitled to develop such facts on cross-examination and have the testimony stricken on proper motion.

**8. Evidence ⊕317(8)—Testimony that something fell on decedent held inadmissible as hearsay and conclusion from what others told witness.**

In a suit by the insurer to set aside an award of compensation for the death of an employee, testimony that something fell on him *held* inadmissible as hearsay and a conclusion from what others had told witness, in view of his testimony that he did not know what fell and did not see decedent when he was hurt.

**9. Courts ⊕89—Commission of Appeals' holdings, not approved by Supreme Court, not precedents.**

Holdings by the Commission of Appeals, not approved by the Supreme Court, are not precedents.

**10. Master and servant ⊕417(4)—Court may determine right to lump sum compensation, though not asserted before board.**

The district court, in a suit to set aside an award of the Industrial Accident Board, may determine all the issues between the parties, including claimant's right to a lump sum compensation, though not raised before the board.

**11. Master and servant ⊕398—Notice of injury and claim for compensation essential.**

To recover compensation under the Workmen's Compensation Act, it must appear by proper pleading and proof that notice of the injury was given and claim for compensation made as required by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—43.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by the Millers' Indemnity Underwriters against Cordelia Hughes and others to set aside an award of compensation by the Industrial Accident Board for the death of J. W. Hughes, employee. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Morris & Barnes, of Beaumont, and Ed. S. McCarver, of Orange, for appellant.

Tresp & Rawlins, of Dallas, and Adams & Bruce, of Orange, for appellees.

O'QUINN, J. Appellant filed this suit in the district court of Orange county against appellees to set aside an award of the In-

dustrial Accident Board, in which appellees were awarded compensation at the rate of $15 per week for a period of 360 weeks beginning December 7, 1918, to be paid by appellant.

Appellant, as plaintiff, made proper allegations necessary to review the award mentioned and the grounds upon which it contended the award should be set aside.

Appellees answered by general demurrer, general denial, and cross-action.

The case was submitted to a jury upon special issues, and, upon their findings, judgment was rendered in favor of appellees for the full amount, in lump sum; hence this appeal.

By its tenth proposition, appellant complains that the court erred in permitting appellees, over appellant's objection, to introduce in evidence before the jury the final award and ruling of the Industrial Accident Board. By the terms of the award, the Board found that J. W. Hughes, husband and father of appellees, claimants, was injured in the course of his employment, which injury resulted in his death, and awarded compensation at the rate of $15 per week for 360 weeks. The law (article 5246—44, Vernon's Civil Statutes) provides that any interested party who is not willing and does not consent to abide by the final ruling and decision of the Board may bring suit to set aside the award, and provides that—

"If the final order of the Board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

[1, 2] While it is necessary for the plaintiff's petition, in such case, to refer to the proceedings before the Industrial Accident Board in order to show jurisdiction in the court where the suit to set aside the award is brought, the question of jurisdiction is for the court, and the award made by the Board is immaterial to any fact issue to be tried by the jury. As above shown, the law requires that the trial be de novo, and that the burden of proof shall be upon the party claiming compensation. The questions of whether Hughes was injured at all, and, if so, whether such injury was received in the course of his employment, and particularly, whether such injury, if any, was the cause of his death, were each vigorously contested, and the evidence meager, and as the Board found that Hughes was injured in the course of his employment, and that such injury was the cause of his death, this finding, when introduced before the jury as evidence, was likely considered by them to establish these questions of fact, and thus was

prejudicial and hurtful to appellant. Where cases are appealed from one tribunal to another, and the law provides that the trial in the one to which the appeal is taken shall be de novo, the findings of the lower tribunal are not admissible as evidence to establish any contested fact in the appellate tribunal. The question there stands for trial as though it had never been tried, and the party upon whom the burden of proof rests must establish his case by evidence aliunde the findings below. Texas Employees' Ins. Association v. Downing (Tex. Civ. App.) 218 S. W. 112.

[3, 4] But appellees insist that the Downing Case, supra, is not applicable to this case, for the reason that in the Downing Case the claimant attached a copy of the award to his petition, and introduced it in evidence, while, in the instant case, the appellant made the award a part of its pleadings, which the jury might have taken with them and considered when they retired to consider of their verdict. We do not agree with appellees in their statement that the jury might have taken with them, when they retired to consider of their verdict, appellant's petition, containing a copy of the Board's award, and to have considered said award as evidence in arriving at their verdict. Pleadings are not evidence upon which contested fact questions may be determined. Appellees further insist that if it was error to introduce as evidence before the jury the award of the Board, that same is invited error, of which appellant cannot complain, for the reason that appellant incorporated the award in its petition. It was necessary for appellant, as plaintiff, to refer to the award in its petition to show jurisdiction in the court, and in doing so it was not improper to include a copy of the award, and was, therefore, not invited error. But appellant further insists that if the introduction of the award was error, it was harmless, in view of the fact that appellant had attached to its petition a copy of the award, and cites us to U. S. Fid. & Guaranty Co. v. Lowry (Tex. Civ. App.) 231 S. W. 818, 823. We do not think the cited case supports appellees' contention. In that case, which was tried before the court without a jury, it is said:

"It does not affirmatively appear that the award was offered in evidence or considered by the court on the issue of employee or independent contractor, which was the only real question in the case. * * * In any event, we do not think the introduction of the award in evidence constituted reversible error, for the reason that upon all the facts, which were practically undisputed, the court could properly have rendered no other judgment. Under the evidence, we think the court might properly have instructed a verdict for Mrs. Lowry had there been a jury trial, and therefore the admission of the award in evidence was immaterial, and, if error at all, was harmless.

"We do not question the soundness of the decision, upon this point, in Texas Employers' Insurance Association v. Downing, 218 S. W. 112. It not only appears that there was a sharply controverted issue as to whether the plaintiff was totally and permanently disabled, upon which issue the jury might have considered the award, but the insurance association, in effect, requested that the testimony should be limited to proof of the fact that a final ruling and decision by the Board had been made. It appears that, notwithstanding this request, the court overruled the objection, and practically permitted the award to go to the jury for all purposes. It was under such circumstances that the court held this ruling to be reversible error."

There is a vast difference, it seems, in the facts of the Lowry Case and the case at bar. There, the facts were practically without dispute, and were such as to warrant an instructed verdict for claimants, while here, the facts are widely at variance, and the questions of injury and cause of death vigorously contested. From the portions of the opinion in the Lowry Case, above quoted, we take it that the Austin Court of Civil Appeals would have held the introduction of the award as evidence in the present case reversible error.

[5] Appellant's fourth proposition asserts that the court erred in giving the following charge to the jury:

"The burden of proof rests upon the plaintiff to establish by a preponderance of the evidence the material allegations in its petition, and the burden of proof rests upon the defendants to establish by a preponderance of the evidence the material allegations of their answer."

[6] The proposition is well taken. The law (article 5246—44, Vernon's Civil Statutes) provides that where suit is brought to set aside an award of the Board, the trial shall be de novo, and the burden of proof shall be upon the party claiming compensation. The charge placed upon appellant a burden not required by law, and in contravention of the article above mentioned. We do not think it can be said in this case that the charge given was harmless, for it told the jury that there was a burden upon appellant that it must discharge before it could find for it, whereas the law places the burden upon the claimants. As to what effect this erroneous charge had upon the jury and its findings, it cannot be said, and in that case must be held prejudicial. Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 39.

[7] By its eighth proposition, appellant complains that the court erred in admitting, over appellant's objection, the following testimony:

"Q. Mrs. Hughes, what was Mr. Hughes' weekly wages at the time he was injured? A. He was getting six and a half a day and was working every day."

This was objected to on the ground that it was hearsay and the opinion of the witness. We think the assignment should be overruled. The testimony does not appear either to be hearsay or the opinion of the witness. If the witness knew the facts, why should she not be permitted to state such facts to the jury. Appellant had the opportunity to develop, on cross-examination, whether the witness stated facts within her knowledge. If it was developed that she was stating hearsay, appellant could, upon proper motion, have same stricken from the consideration of the jury. Kincheloe Irr. Co. v. Hahn Bros. & Co., 105 Tex. 231, 146 S. W. 1187.

[8] Appellant, in its ninth proposition, complains that it was error for the court, over the objection of appellant, to permit the witness W. H. Canter to testify:

"I saw him just a few seconds after he was hurt; they had not moved him, as well as I remember. I just walked up. The man was laying there hurt. Several fellows were around there. I didn't know them. He was there by the side of the boat. I don't know where Mr. Hughes was hurt. Something fell on him. I know that. Something fell and hit Mr. Hughes. I couldn't say what it was, whether it was a part of the scaffolding or not; but something fell off of the scaffold and hit him."

The objection to the testimony was that it was hearsay and the conclusion of the witness. We think that portion of the testimony stating that something fell on the injured party was objectionable. The witness stated that he did not know where Hughes was hurt, nor what it was that fell on him, whether it was part of the scaffolding or not, but that something fell off of the scaffolding and hit Hughes. The witness also testified that he did not see Hughes when Hughes got hurt. It thus appears that the witness was stating his conclusion of the matter, evidently, from what others had told him. The objection to that portion of the witness' testimony, in the state of the record, should have been sustained. We are not passing upon the admissibility of the evidence as res gestæ; that question is not before us; the circumstances that would make it res gestæ or preclude it from so being are not shown.

[9, 10] By its thirteenth proposition, appellant complains that it was fundamental error for the court to render judgment for claimants in a lump sum, when it was not affirmatively pleaded and proved that the question of a lump sum payment was first presented to and passed upon by the Industrial Accident Board. Under this proposition, appellant insists that in the trial of a suit in the district court, brought for the purpose of setting aside an award of the Industrial Accident Board, if a claimant fails to present the issue of a lump sum award to the Board, on appeal to the dis-

trict court he is denied the right to inject that issue not raised before the Board, and cites us to article 5246—44, Revised Statutes, and the cases of Employers' Indemnity Corp. v. Woods (Tex. Com. App.) 243 S. W. 1085, and Maryland Casualty Co. v. Mueller (Tex. Civ. App.) 247 S. W. 611, as authorities for its contention. The Woods Case was decided by the Commission of Appeals, and seems to support appellant's contention; but the holdings of the Commission upon the questions discussed were not approved by the Supreme Court, and therefore are not precedents. The Texarkana Court of Civil Appeals, in Maryland Casualty Co. v. Mueller, supra, held, directly, that in a suit to set aside an award or order of the Industrial Accident Board, judgment for compensation in a lump sum could not be rendered where that question had not been first presented to the Board; that in the absence of an agreement between the parties, it was a question to be determined, in the first instance, by the Board. Judge Wilson, who wrote the opinion in the case, referred to the case of Lumbermen's Reciprocal Association v. Behnken (Tex. Civ. App.) 226 S. W. 154, by the Galveston Court of Civil Appeals, wherein the opposite conclusion was reached; but as a writ of error had been granted in that case, and because of the decision of the Commission of Appeals in the Woods Case, decided that said action indicated they were in harmony with the views of the Supreme Court. Since the opinion of the Commission of Appeals in the Woods Case, the Supreme Court, in the Behnken Case, 112 Tex. 103, 246 S. W. 72, affirmed the Galveston Court of Civil Appeals, and held that "The district court had jurisdiction to determine all issues between the parties regardless of whether" the "right to lump sum compensation had been asserted before the Board." So, the question of jurisdiction of the district court in such cases to determine all questions, regardless of whether they had been presented to the Board or not, is no longer an open one, and appellant's proposition must be overruled.

[11] Appellant complains that the court should have given a peremptory instruction in its favor, because of the contention that there was neither pleading nor, proof on the part of claimants that a claim for compensation or notice of the alleged injury was ever given to appellant or to the Industrial Accident Board, as required by law, and that there was neither pleading nor proof that same had been waived. Without passing upon this question, we will say that, of course, it must appear by proper pleading and proof that notice of the injury was given and claim for compensation made, as required by article 5246—43, Vernon's Civil Statutes; but, as this question may not arise upon another trial, we will not further discuss it here.

Various other questions are presented by appellant; but, as they are not likely to arise upon another trial, they will not be discussed.

Because of the errors indicated, the judgment is reversed, and the cause remanded.

&#8474;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes