## GEORGIA CASUALTY CO. v. CAMPBELL et al. (No. 2356.)*

(Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1924. Rehearing Denied
Dec. 10, 1924.)

**1. Continuance ⬅14(1)—Motion addressed to trial court's discretion.**

Motions for continuance on ground of surprise by amendment of pleading are addressed to trial court's discretion, and are not to be granted as a matter of law.

**2. Continuance ⬅14(7)—Whether party has sufficient time to make defense to pleading injecting a new cause is question for trial court.**

When party has notice that an amended pleading is to be filed injecting a new cause, whether he has sufficient time to make a defense thereto is a question for trial court, and party cannot decide it for himself, and thus obviate necessity of taking some step to indicate his good faith and belief in probable existence of defensive testimony.

**3. Continuance ⬅14(7)—Party must exercise some diligence in attempting to secure testimony to meet new issue.**

When party has notice that amended pleading is to be filed injecting a new issue, he must exercise some degree of diligence to secure testimony he hopes to secure, and not wait until case is called and then ask trial court to grant him until another term to take such steps.

**4. Continuance ⬅30—Filing of trial amendment does not necessarily entitle plaintiff to a continuance.**

Filing of a trial amendment does not necessarily entitle plaintiff to continuance.

**5. Continuance ⬅30—Continuance in suit to set aside award under Workmen's Compensation Law on filing of amended pleading, held properly denied.**

Continuance in suit to set aside an award of compensation under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) on filing of trial amendment alleging deceased was unmarried, to enable plaintiff to establish that deceased was married, held properly denied, where evidence did not indicate that a continuance would have enabled plaintiff to obtain any evidence to establish that fact.

**6. Continuance ⬅30—Not granted on mere possibility that plaintiff might obtain evidence to meet trial amendment.**

Continuance in proceeding under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) to set aside an award of compensation on filing of trial amendment, would not be granted, on mere possibility that plaintiff might have obtained evidence to disprove allegations of amended pleading.

**7. Parties ⬅29—All parties at interest may be proper parties.**

All parties at interest may be proper parties, and where it is shown that there are parties who appear to have a joint interest with parties bringing suit who are not parties plaintiff or defendant, then there is a nonjoinder of necessary parties.

**8. Master and servant ⬅417(4½)—Parties appealing from award must initiate proceedings in district court.**

While on appeal from award of Industrial Accident Board, trial is de novo, yet parties appealing must initiate proceedings in district court.

**9. Master and servant ⬅417(5)—Employer's insurer estopped on appeal to assert nonjoinder of parties in its suit to set aside award.**

Employer's insurer, whose suit to set aside decision awarding compensation for employé's death under Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91, was brought only against parties who were awarded compensation and whose petition did not describe order affecting other relatives of employé, could not insist on appeal that, because they were not parties, no judgment could be rendered against it.

**10. Continuance ⬅14(7)—Properly denied where no diligence shown, and no attempt made to start investigation.**

Where claimants for compensation under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) filed an amended pleading praying for a lump sum settlement, notice of which was served on employer's insurer nine days before suit to set aside award was called, continuance to enable insurer to investigate was properly denied, where no attempt to start investigation had been made.

**11. Master and servant ⬅404—Testimony of continued dependency admissible.**

In workmen's compensation proceedings, where dependency is shown to have existed, testimony of a continued dependency up to time of decedent's death is admissible.

**12. Master and servant ⬅417(4)—Court has jurisdiction to determine issue, though not raised before Industrial Accident Board.**

Where award of Industrial Accident Board is attacked by suit filed in court, there is a trial de novo, and trial court has jurisdiction to determine any issue including a lump sum settlement, notwithstanding such question has not been presented to Industrial Accident Board.

**13. Master and servant ⬅386(4)—Facts held to establish a special case justifying lump sum settlement.**

In workmen's compensation proceedings, facts held. sufficient to constitute a special case under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33, justifying lump sum settlement.

Appeal from District Court, Ochiltree County; W. R. Ewing, Judge.

Suit by the Georgia Casualty Company against Ollie Campbell and others, to set aside a decision of the Industrial Accident Board awarding compensation. Judgment

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 4, 1925.

for defendants, and plaintiff appeals. Affirmed.

Lindley H. Betts, of Dallas, H. T. Cooper, of Fort Worth, and R. T. Correll, of Perryton, for appellant.

King & York, of Austin, E. O. Thompson, of Amarillo, and Allen & Allen, of Perryton, for appellees.

RANDOLPH, J. This suit was filed in the district court of Ochiltree county by the Georgia Casualty Company, against Ollie Campbell, Mrs. Emma Michael, and King & York, attorneys at law, to set aside an award made to such parties by the Industrial Accident Board of Texas. From an adverse judgment, the Casualty Company has appealed to this court.

Ollie Campbell and Mrs. Michael filed with the Industrial Accident Board their claim against the Casualty Company for compensation under the Texas Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), as beneficiaries under said law, on account of the death of James H. Campbell, in Ochiltree county. James A. King and E. R. York, as attorneys, represented claimants in the prosecution of said claim before the Accident Board; the board entered its final ruling awarding compensation to claimants, and within 20 days the company gave notice that it would not abide by said final ruling, and, in accordance with said notice, brings this suit to set aside the decision of the board. The defendants Ollie Campbell and Mrs. Michael were surviving sisters of deceased James H. Campbell, and filed such claim as dependents.

Appellant's first proposition alleges error by the trial court in overruling its motion for continuance. Defendants' first amended original answer praying, for the first time, for a lump sum settlement, was filed October 13, 1923, the day of the trial in the district court. But plaintiff, however, admitted having received a copy of this pleading on November 4th, 9 days before the filing of said amended pleading in the district court, and 9 days before the case was called for trial in said district court. The ground and motion for continuance was based on surprise, in that the plaintiff did not have the necessary time to investigate the question, and meet the new issue thus injected into the case. On the 15th day of November, during the trial of the case, defendants obtained leave to file their trial amendment, in which they allege for the first time "that the said James H. Campbell at the time of his death, was an unmarried man, having never been married, and left surviving him no wife, child or children, or father or mother," and plaintiff then renewed its motion for continuance for the purpose of securing an opportunity of investigation into the facts of the new issue thus presented.

Plaintiff alleges in such motion, as to the pleading for a lump sum settlement:

"That this new issue comes now as a surprise to this plaintiff, because it has not now and has not had an opportunity to produce testimony to meet same, and said pleadings filed and a new issue raised after depositions were taken in the case of witnesses by whom the plaintiff might have adduced testimony tending to prove the allegations of said answer alleging their right to recover compensation in a lump sum; that the first notice that plaintiff had that said amended answer setting up claim for compensation in a lump sum would be filed, was on or about November 4, 1923, being only 8 days before this case was called, and after depositions of all the witnesses in the case had been taken, and after the plaintiff had lost its opportunity to examine said witnesses upon the issues thus newly raised; that if this case should be continued, the plaintiff believes and has reason to believe that at the next term of court, it would be able to produce testimony of credible witnesses showing that the defendants are not entitled to compensation in a lump sum; that the plaintiff is now unable to procure this testimony by reason of the shortness of time, and all of the witnesses by whom proof could be made reside outside of the county of Ochiltree, and are not subject to subpœnas issued out of this court, and that their testimony can be procured only by depositions; that the filing of said amended answer and cross-action, setting up claim for compensation in a lump sum was not anticipated by plaintiff, and the same comes now as a complete surprise to plaintiff, and at a time when it could not, by the use of any diligence whatsoever, produce testimony, or in any manner meet said issue."

This is substantially repeated in the objections to the filing of the trial amendment and second motion for continuance.

[1] Such motions for continuance as here made are addressed to the trial court's discretion and are not to be granted as a matter of law. In these applications it is admitted that the plaintiff's attorney had 9 days' notice of the fact that defendants were going to file the pleading which was furnished them. It does not allege in said motions that plaintiff had made any effort at an investigation, or had made any preparations for an investigation into the facts upon which to base its defense against defendants' claim for a lump sum settlement. The name of no witness is given by which it expects to prove any fact or facts.

[2, 3] We do not understand that a party to a suit, when he has notice that a pleading is to be filed injecting a new issue in a case, can pass his judgment upon the necessity of his taking steps to such investigation as is necessary to meet the new issue thus presented, and that by deciding in his own mind that he has not sufficient time to make such defense, obviate the necessity of taking some step to indicate his good faith and belief in the probable existence of such defensive testimony. This is a question for the trial court

to pass on. It certainly devolves on such party to exercise some degree of diligence in making some effort to secure the testimony he hopes to secure, and not to wait until the case is called, and then ask the trial court to grant him until another term to take such steps.

[4-6] The filing of the trial amendment did not necessarily entitle plaintiff to a continuance. The evidence introduced in the case does not lead us to a conclusion, or even to an inference, that a continuance would have enabled the plaintiff to obtain any evidence to establish the fact that the deceased was a married man. A continuance will not be granted on the mere possibility that the plaintiff might have obtained such evidence, there ought to be at least a probability of its being able so to do. I. & G. N. Ry. Co. v. Howell, 101 Tex. 605, 111 S. W. 142; Osage Oil & Refining Co. v. Lee Farm Oil Co. (Tex. Civ. App.) 230 S. W. 520; Western Union Telegraph Co. v. Robertson, 63 Tex. Civ. App. 239, 133 S. W. 455.

Appellant's second proposition is as follows:

"The claimant for compensation under the provisions of the Workmen's Compensation Law, 5246—1 to 5246—91, Vernon's S. Ann. S., 1918 Supplement, has the burden of showing that he is entitled to compensation under the terms of said law, and where the compensation claimed is for the death of an employé, such claimant has the burden of showing that he is entitled thereto to the exclusion of other claims named in article 5246—15 of said law."

Under this proposition appellant contends, first, under its plea in abatement, that the proper parties to this cause were not before the trial court, to wit, W. T. Campbell, R. M. Campbell, George L. Campbell, Lloyd Campbell, and Mrs. Ben Callum, brothers and sister of deceased. As stated, this question was raised by plea in abatement, which plea was overruled by the trial court.

[7-9] We recognize the rule to be as stated by appellant, and that all parties at interest may be proper parties, and, where it is shown that there are parties who appear to have a joint interest with parties bringing a suit who are not parties plaintiff or defendant, then there is a nonjoinder of necessary parties. But in this case, it does not appear that there are any parties at interest who are not parties to the controversy now before us. The parties named in the plea in abatement were parties to the proceeding before the Industrial Accident Board, claiming compensation jointly with defendants here. It appears from a certified copy of the order of the board filed in the trial court, and brought up in the record, that the brothers and sisters of the deceased, including parties named in the plea in abatement, and the defendants Ollie Campbell and Mrs. Michael, asserted their claim for compensation before the In-

dustrial Accident Board; that upon the hearing the board awarded compensation to Miss Campbell and Mrs. Michael, as dependents, but expressly found that the brothers and other sister were not dependent on deceased, and denied them compensation. From this order the said W. F. Campbell, R. H. Campbell, George L. Campbell, Lloyd Campbell, and Mrs. Ben Callum, so far as the record discloses, took no appeal. While on appeal from the. award of the board, the trial is to be de novo, yet the parties appealing must initiate the proceedings in the district court. When the appellant filed its petition to set aside the award of the board, it was required to set out such award, and its reasons why same should be set aside or amended. Service of citation was required as in other cases. In the plaintiff's petition it complains only of the judgment rendered in favor of Miss Campbell and. Mrs. Michael, and asks only that the award as to them be set aside, nowhere mentioning the parties named in its plea in abatement as being parties to such judgment or order of the board. The action of the board eliminated the brothers and other sister, and they were no longer necessary parties, but if they were, appellant should have brought them into the suit to set aside the award if he desired to attack their part of the order or decree of the board. The appellant, in bringing its suit, only brought it against Miss Campbell and Mrs. Michael, and even refrained in its petition to give any description of the order affecting the brothers and sister, and cannot now be permitted to insist that because they are out of the case, no judgment can be rendered against it. By its failure to make proper parties in the district court, appellant now seeks to take advantage of its failure so to do, and is in the attitude that it occupied in another case wherein the court said:

"It is difficult to pass over without comment the attitude appellant has assumed in this case. Having selected its forum, it omitted from its petition allegations which it now contends were essential to give jurisdiction to that forum." Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 582.

Appellant claims that the court erred in overruling its second motion for continuance, based on the ground that by their amended original answer, defendants seek to recover, for the first time, compensation in a lump sum "because same is a new issue and comes as a surprise to plaintiff, because it has not had an opportunity to produce testimony to meet same, and said pleading is filed, and a new issue is raised after. depositions were taken in the case of witnesses by whom the plaintiff might have adduced testimony tending to disprove the allegations of said answer alleging their right to recover compensation in a lump sum; that the first notice plaintiff had that said amended answer setting up claim for compensation in a lump

sum would be filed, was on or about November 4, 1923, being only 8 days before this case was called, and after depositions of all the witnesses in the case had been taken, and after the plaintiff had lost its opportunity to examine said witnesses upon the issues thus newly raised and presented in this case; that, if this case is continued, the plaintiff believes and has reason to believe that at the next term of court it will be able to procure testimony of credible witnesses showing that the defendants are not entitled to compensation in a lump sum, that plaintiff is now unable to procure this testimony by reason of the shortness of time and all of the witnesses by whom its proof would be made reside outside of the county of Ochiltree, and are not subject to subpoenas issued out of this court, and that their testimony can be procured only by depositions. That the filing of said amended answer and cross-action, setting up claim for compensation in a lump sum, was not anticipated by plaintiff, and the same comes now at this time when it could not, by the use of any diligence whatsoever, produce testimony or in any manner meet said issue, and that the judgment in a lump sum so sought is more onerous than it would be if the plaintiff should recover compensation in weekly installments."

[10] As stated above, plaintiff had notice of the intention to file said amended pleading praying for a lump sum settlement on the 4th day of November, 1923, and the case was called for trial on the 13th day of November, 1923. From the time it received such notice to the time when the case was called, plaintiff took no steps and made no preparations for the taking of depositions or for the initiating of investigations, but sat down patiently waiting for the day to arrive when it could present to the trial court the "shortness of time" which existed on the day of trial in which it was required to meet the new issue. No diligence is shown and no attempt to start investigation. Plaintiff does not allege that it did not know all the facts essential to a defense without investigation, in so far as same would negative the right of defendants to recover a lump sum settlement, but on the contrary, it alleges that this new issue is raised "after depositions were taken in the case of witnesses by whom the plaintiff might have adduced testimony tending to disprove" defendants' right to a lump sum settlement, and had not shown that it caused the filing in the trial court of interrogatories propounded to any one of such witnesses by way of preparation, in the effort to secure such evidence. Further, the motion as made relates to the time of trial, and not to the time when they were notified such claim would be filed. Railway Co. v. Howell, supra.

Appellant's propositions 3, 4, and 5, present the questions, first, in order for a claimant to recover compensation, it is necessary for him to allege and prove that he relied upon contributions from the deceased for at least a substantial part of the ordinary necessities of life, suitable for persons in his class and position, second, if dependency of the claimant upon deceased for support and maintenance be an issue, the claimant, by proper allegations and proof, must show the fact of dependency at the time of death of the deceased and, third, testimony which does not show dependency upon deceased at, or shortly prior to the time of his death, is inadmissible upon the issue of dependency.

[11] The propositions might be correct when applied to a case where dependency had existed, but had ceased at the time of the death of the employé. If Miss Campbell and Mrs. Michael, at the time of their brother's death had ceased to be dependent upon him, the testimony tending to prove former dependency would be wholly inadmissible. But where the dependency is shown to have existed, testimony of a continued dependency is certainly admissible. The Legislature never intended to limit the proof of dependency to a time shortly before or at the time of death of the deceased, and evidence showing continued dependency up to the time of the death of the deceased is admissible.

The evidence discloses a partial dependency, at least, of Mrs. Michael and Miss Campbell upon the deceased. Mrs. Michael had no property, Miss Campbell had only an interest in a small tract of land, which is shown to be a liability instead of an asset, and has been getting a salary of $60 per month for six months of the year as a country school teacher. It is shown by various witnesses that the deceased contributed to the support of these defendants, his sisters, both by work and money, and that this continued up to two days before his death. That he had at times paid their grocery bills, and on one occasion, when he heard of Mrs. Michael's illness, came to her at the hospital and paid the hospital and doctor's bills. That the sisters lived together and shared their little income, no matter from what source it came.

To our minds, the evidence abundantly shows the necessity for deceased's contribution to his sisters' support, and also that he did for several years make such contributions of a substantial nature, and this continued up to the time of his death. Texas Employers' Ins. Ass'n v. Peterson et ux. (Tex. Civ. App.) 251 S. W. 572.

The sixth proposition charges error in the court's action in awarding a lump sum judgment in favor of defendants because the court was without jurisdiction to enter such judgment in the absence of a showing that the Industrial Accident Board had considered such question.

[12] It is well settled that in such cases as this, where a party attacks the award of the Industrial Accident Board in a suit filed

in court, there is a trial de novo, and that the trial court has jurisdiction to determine any issue arising in the case, including a lump sum settlement, notwithstanding such question had not been presented to the Industrial Accident Board. Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 75, 28 A. L. R. 1402; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 336.

The seventh proposition presents the question that under article 5246—33, Vernon's Civil Statutes 1918 Supplement, a claimant must allege and prove facts sufficient to constitute a special case wherein failure to make a lump sum settlement would work a manifest injustice and hardship to claimant.

[13] The reply to this proposition is that such a special case was alleged and proved by defendants. In their first amended original answer defendants alleged:

"The said defendants, Ollie Campbell and Emma Michael, further represent to the court that on account of their poverty, the said Ollie Campbell being almost totally without property or capital, and the amount she has being totally insufficient to support her and the said Emma Michael not being possessed of any property whatsoever, and an invalid and not able to do work of any kind or character, except the very lightest of housework, she being totally unable to earn a livelihood, and the failure of the Georgia Casualty Company to pay them their weekly installments of compensation as they mature, they being without funds to support themselves and at this time owing debts for food, clothing, and the necessities of life, and also on account of the continued ill health of Mrs. Michael, who is under the constant care of a physician, and that she will be under such care for an indefinite time to come; that the said Mrs. Michael requires medicines and will require same for a long time in the future, never having recovered from the operation which she underwent some years ago. That at times she is so debilitated and ill that she requires the assistance of nursing of her sister Miss Ollie Campbell and that she owes for medical attention and medicines at this time, and that by reason of the aforesaid, the amount of weekly compensation, after making allowance for attorney's fees and expenses, will be not enough to properly support and maintain them and to pay the debts already accrued and expenses to accrue, therefore these defendants say that they are entitled to receive their compensation in a lump sum."

In other paragraphs of their answer they allege that they are owing on their mother's funeral expenses, as well as the funeral expenses of their brother James H. Campbell.

We do not think it necessary to set out the voluminous testimony in detail, but rely on the facts stated heretofore in this opinion, with this further statement that the evidence in the case fully sustains the pleadings.

The defendants have asked for an affirmance, with 10 per cent. damages for delay.

We cannot say that the plaintiff was actuated by such motives in taking this appeal as would authorize its affirmance, with damages. We therefore, finding no reversible error, affirm the judgment of the trial court.