## TEXAS EMPLOYERS' INS. ASS'N v. ROMERO et al.

No. 8793.

Court of Civil Appeals of Texas. San Antonio.

Dec. 23, 1931.

Rehearing Denied Jan. 20, 1932.

Eskridge & Groce, of San Antonio, and Jones & Lyles, of Del Rio, for appellant.

John J. Foster and Phil B. Foster, both of Del Rio, for appellees.

FLY, C. J.

This suit was instituted by Victorina J. Romero for herself and her minor son, Santiago Romero, Jr., to set aside an award by the Industrial Accident Board for the death of Santiago Romero, Sr., and to recover on a policy given by appellant to Bart Moore, Inc., employer of deceased. Appellees sought and obtained a dismissal of the cause after appellant had filed a pleading denominated by it a cross-action, which is as follows:

"Further answering and by way of cross-action herein this defendant specially admits that heretofore, to-wit, on the 9th day of July, the Industrial Accident Board made its final ruling and decision in the above matter in its cause number Q–9599, styled Santiago Romero, deceased versus Bart Moore, Inc., Employer and Texas Employers Insurance Association, Insurer, under the terms of which award this defendant was ordered to pay to the claimants a sum in excess of Five Hundred ($500.00) Dollars, and this defendant would further show to the court that the accident out of which said claim arose occurred in Kinney County, Texas, wherefore this court has jurisdiction.

"This defendant would further show to the court that within twenty days after such ruling and decision by the Industrial Accident Board this defendant gave notice to such Board that it declined to abide by such ruling and decision and would in due time perfect its appeal to a court of competent jurisdiction for purposes of review and defendant would further show to the court that suit and cross-action was filed within twenty days from the date of said notice.

"Wherefore, premises considered this defendant prays that plaintiff take nothing by its suit and in pursuance with provisions of the Workmen's Compensation Act of the State of Texas this defendant prays that upon final hearing hereof that the award of the Industrial Accident Board heretofore made be set aside and held for naught and that this defendant go hence with its costs."

We hold that, in a case where both parties have appealed to the district court from an award, the defendant can set up by cross-action a suit to set aside the award and, if filed in the time prescribed by statute, the plaintiff would not be authorized to destroy the cross-action by a dismissal of the cause. The cross-action showed jurisdiction in the district court by alleging that the Industrial Board had made an award, that an appeal had been perfected and the answer and cross-action filed in the statutory time. Having appealed from the award, appellant was in the district court and, without any

allegations save as to jurisdictional matters, was prepared to meet any attack made on it by appellees, upon whom the burden rested, as before the board, to establish their claim against appellant. Article 8307, § 5, Revised Statutes; Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334.

 It follows that when the appeal was perfected from the award of the board, by one or both parties, in accordance with the terms of the statute, the district court had jurisdiction, and if both had appealed there could be no dismissal of the "cause" by the claimant. In the matter of pleading, appellant could have rested on its general denial, which placed upon appellees the burden of proving their claim. The cross-action, so called, was merely a pleading showing the jurisdiction of the court, and, while not setting up the matters necessary to call for a setting aside of the award, it showed it was in court on appeal, and appellees could not, by dismissing the cause, destroy the right of appellant to have appellees prove up their claim against it. Cross-action is a misnomer for the pleading filed by appellant, and the rules as to the form and substance of a cross-action have no applicability to it. Appellant, by perfecting its appeal as required by the statute, was in court and could not have its case summarily disposed of by an attempt, through a dismissal, to evade its responsibility to establish its claim. The trial was de novo in the district court, and in order to recover appellees were compelled by law to establish their claim by competent proof under the Workmen's Compensation Act.

The judgment will be reversed, and the cause remanded.