**GULF CASUALTY COMPANY,**
Appellant,

v.

**John T. JONES, Appellee.**

No. 6874.

Court of Civil Appeals of Texas.

Texarkana.

April 19, 1956.

Rehearing Denied May 10, 1956.

Brachfield, Wolfe & Williams, Henderson, Joseph H. Sperry, Houston, Texas, for appellant.

Gordon R. Wellborn, Rex Houston, Henderson, for appellee.

FANNING, Justice.

Gulf Casualty Company has appealed from a total permanent disability judgment rendered against it in favor of John T. Jones, appellee, in a workmen's compensation insurance case tried before a jury.

Appellant's first point is as follows:

"Where the claim for compensation was filed more than six months after the alleged injury and plaintiff did not allege or attempt to prove good cause before the Board for failure to file such claim, the Industrial Accident Board and the District Court had no jurisdiction to hear the claim or pass on its merits."

The injury occurred July 21, 1953. The claim for compensation was dated November 12, 1954, and was received by the Industrial Accident Board on November 13, 1954, about 15 months after the injury. The claimant also filled out and filed with the Industrial Accident Board "Employee's Statement" on the form which the Board sent him. This form statement contains a number of questions asked by the Board but in this form no question is asked with reference to the matter of "good cause" for not filing the claim within six months after the injury. Claimant also filed a medical statement with the Board. Claimant submitted no specific evidence to the Board with reference to "good cause." The Board entered an order to the effect that claimant had not submitted evidence to the Board to establish "good cause" for delay in filing his claim, holding that the Board was without jurisdiction thereof and dismissed appellee's claim. Appellee appealed to the District Court of Rusk County and in a de novo trial before a jury all issues were answered favorably to appellee and the trial court entered a judgment in favor of appellee awarding him compensation for total and permanent disability. The jury, among other findings, found upon sufficient evidence, that appellee's employer had actual notice of appellee's injury within 30 days after the injury, and also upon sufficient evidence answered all issues with respect to "good cause" favorably to appellee. Appellant has not attacked these findings of the jury on "actual notice" and "good cause."

In 45 Tex.Jur., sec. 282, pp. 779, 780, it is stated: "The filing of a proper suit to set aside an award operates to bring all the parties and the entire controversy before the court for a trial de novo, the court being invested with power to determine every issue involved (*whether presented to the board or not*) * * *." (Citing in support thereof the following authorities: Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402, affirming Tex.Civ.App., 226 S.W. 154; Georgia Casualty Co. v. Campbell, Tex.Civ.App., 266 S.W. 854, error dis.; Millers' Indemnity Underwriters v. Hughes, Tex.Civ.App., 256 S.W. 334; Texas Employers' Ins. Ass'n v. Peterson, Tex.Civ.App., 251 S.W. 572, error ref. (Interpolation and emphasis ours.)

The Supreme Court of Texas in the Behnken case, supra, 112 Tex. 103, 246 S.W. 72, 75, stated that "the district court had jurisdiction to determine all issues be-

tween the parties regardless of whether defendants in error's right to lump sum compensation had been asserted before the board."

In Millers' Indemnity Underwriters v. Hughes, Tex.Civ.App., supra, 256 S.W. 334, 336, it was stated:

"By its thirteenth proposition, appellant complains that it was fundamental error for the court to render judgment for claimants in a lump sum, when it was not affirmatively pleaded and proved that the question of a lump sum payment was first presented to and passed upon by the Industrial Accident Board. Under this proposition, appellant insists that in the trial of a suit in the district court, brought for the purpose of setting aside an award of the Industrial Accident Board, if a claimant fails to present the issue of a lump sum award to the Board, on appeal to the district court he is denied the right to inject that issue not raised before the Board * * *. The Supreme Court, in the Behnken case, 112 Tex. 103, 246 S.W. 72, affirmed the Galveston Court of Civil Appeals [226 S.W. 154], and held that 'The district court had jurisdiction to determine all issues between the parties regardless of whether' the 'right to lump sum compensation had been asserted before the Board.' *So, the question of jurisdiction of the district court in such cases to determine all questions, regardless of whether they had been presented to the Board or not, is no longer an open one, and appellant's proposition must be overruled.*" (Emphasis ours.)

In Georgia Casualty Co. v. Campbell, Tex.Civ.App., supra, 266 S.W. 854, 857, err. dis., it was stated:

"It is well settled that in such cases as this, where a party attacks the award of the Industrial Accident Board in a suit filed in court, there is a trial de novo, and that *the trial court has jurisdiction to determine any issue*

*arising in the case,* including a lump sum settlement, *notwithstanding such question had not been presented to the Industrial Accident Board.* Lumbermen's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. [72] 75, 28 A.L.R. 1402; Millers' Indemnity Underwriters v. Hughes, Tex.Civ.App., 256 S.W. [334] 336." (Emphasis ours.)

In the case of Texas State Highway Dept. v. Fillmon, Tex.Civ.App., 236 S.W. 2d 635, 636, affirmed by the Texas Supreme Court in 150 Tex. 460, 242 S.W.2d 172, 175, the facts showed that the Industrial Accident Board of Texas entered its order dismissing a claim because of alleged lack of jurisdiction because the claimant "'failed to establish * * * that claim was filed within six months as provided by law or that good cause existed for delay in filing to the date it was filed.'" (The facts in the Fillmon case, supra, do not show whether or not any evidence of "good cause" was tendered by claimant to the Board for its consideration—however, the facts do show that the Board found that the claimant failed to prove "good cause" and dismissed the claim for alleged lack of jurisdiction.) In this case it was held that such order of dismissal was a "final ruling" on appellee's claim and was appealable. The Court of Civil Appeals in its opinion in said case, among other things, stated: *"The trial in the District Court was de novo and that court had the power to determine every issue involved whether presented to or acted on by the Board or not."* (Emphasis ours.) The Supreme Court of Texas, which affirmed the judgment of the Court of Civil Appeals in said case, among other things in its opinion stated:

"Petitioner next attacks the judgments of the trial court and the Court of Civil Appeals *wherein it was held that the trial court had jurisdiction to pass on all questions of compensability, amount of compensation to be paid, and other issues going to the merits of respondent's claim.* On September 27, 1949, the Industrial Accident Board

issued and caused to be served a notice of hearing on this claim to be held in Austin, Texas, on November 1, 1949. The claim was set for a hearing on its merits. On November 17, 1949, the Board entered its final award dismissing the claim from the docket because of its finding that claimant had failed to establish by proof that her claim was filed within six months, or that good cause existed for delay in filing.

"Petitioner urges that on appeal the jurisdiction of the district court was limited to a determination of the issue of good cause. We cannot sustain this contention. All issues of fact, including the issue of good cause, were before the Board for determination. *The effect of the final award in this case was to deny the claimant compensation. The district court, in the trial de novo, had jurisdiction to consider and determine all issues of fact presented by the pleadings and supported by the evidence.*" (Emphasis ours.)

We overrule appellant's first point.

■ Appellant's second point reads as follows:

"The District Court did not have jurisdiction over the cause of action because the claim filed with the Industrial Accident Board and the petition filed in the District Court are entirely different from the proof on the trial of this cause."

In appellee's claim for compensation before the Industrial Accident Board he alleged:

"The place of injury was at the Gulf Oil Corporation Production Dept. warehouse in Laird Hill, Rusk County, Texas. Cause of injury using buffer machine at warehouse, slipped, with leg going out from under me, causing pain and injury to back and body * * * Ruptured disc in back, pulled muscles, ligaments and tendons in back; general injuries of a general nature to the body in general."

In his pleading in the District Court appellee alleged:

"* * * that on or about the 21st day of July, 1953, he accidentally sustained serious and painful personal injuries while working for Gulf Oil Corporation, Production Division, in the course and scope of his employment in Rusk County, Texas; said injuries naturally resulting in total and permanent disability and incapacity; that at said time and on said occasion plaintiff was working as an oil field worker doing general oil field work, and while using a buffer machine at the warehouse he slipped, causing him to receive a sudden and unexpected blow to his body, doing damage to his body in the lower part of his back, shoulders and arms, causing a ruptured disc, etc."

Appellee testified with reference to his injury as follows:

"Q. And did you work for them until July 21, 1953? A. Yes, sir.

"Q. What happened to you on July 21, 1953, John? A. I was mopping and washing the floors and my feet slipped out from under me and I fell right on the bottom end of my back.

"Q. What kind of floor were you mopping? A. It is, I believe you call that an insulated rug, I believe, you know it has got little blocks.

"Q. One of those insulated rugs? A. I guess that is what you call it.

"Q. I see. Now, John, when you fell did you fall hard or did you just sit down. A. I fell pretty hard, what I would say hard.

"Q. All right. Now, whose floor were you mopping at that time? A. Well, it was there in the Gulf Office.

"Q. All right. Now, had anybody told you to do that work? A. Yes, sir.

"Q. Who had told you to do that work? A. Mr. M. B. Daniels.

"Q. What does he do for the Gulf? A. Supervisor.

"Q. Supervisor.

"Mr. Wolfe: We are going to object to this testimony about how the accident occurred because it doesn't show that the Court had jurisdiction of this matter, it not having been presented to the Industrial Accident Board in the manner prescribed by law.

"The Court: Overrule the objection."

The above-quoted objection was the only objection made to appellee's testimony as to how he was injured. (Defendant (appellant) in its motion for instructed verdict, stated "that the proof clearly shows that this court does not have jurisdiction of this cause of action as attempted to be proved by the plaintiff."). Also appellant introduced in evidence the deposition of appellee in which appellee testified in the same manner with reference as to how and where he sustained the injury in question and appellant never objected to this similar deposition testimony, which in fact it introduced in evidence. Nor did appellant contend that the variance between the claim, pleadings and proof was of such a nature as to surprise, mislead or prejudice it. (There was no material variance with respect to appellee's slipping and falling, injuring his back and other portions of his body on the date in question, during the course of his employment.)

In Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631, 633, err. dism., judgm. cor., it is stated:

"In Booth v. Texas Employers' Ins. Association, 132 Tex. 237, 123 S.W.2d 322, 324, the following proposition was announced by Judge Smedley writing the opinion for the commission of appeals: 'The only essential jurisdictional connection between the claim for compensation before the board and the suit to set aside the award being the identity of the injury of which complaint is made.' Indemnity Ins. Co.

[of North America] v. Harris, Tex. Civ.App., 53 S.W.2d 631, is in point in principle. In that case the claim before the Board was an injury to the spine and leg; in his petition on appeal, in addition to the injury claimed before the Board, the employee also claimed an injury to the sacroiliac joint. This court held that the pleading did not state a new cause of action. Appellant cites as controlling Stratton v. Gulf Casualty Co. [Tex.Civ.App.] 53 S.W.2d 518; *that case was decided by the El Paso Court of Civil Appeals long before the Booth case by the Commission of Appeals.*" (Emphasis ours.)

In Gulf Casualty Co. v. Tucker, Tex. Civ.App., 201 S.W.2d 81, 82, it is stated:

"By appellant's first two points, it complains of the action of the trial court in overruling its motion for an instructed verdict on the theory, that plaintiff had failed to prove that the injury complained of, as asserted by him before the Industrial Accident Board, was the cause of his alleged present disability, contending that the proof at most showed that plaintiff's alleged incapacity was caused by an entirely different accident than that asserted by him before the Industrial Accident Board, for the reason that the claim asserted by appellee before the Industrial Accident Board was that he was injured when he picked up a five gallon paint can, quickly jerking and tearing the muscles, etc., whereas the proof on the trial was to the effect that the appellee was injured, if at all, when removing a five gallon paint container from his shoulder, *the removal taking place in a different building some 150 or 200 yards from the point where he originally picked up the container.* For this reason appellant contends that the trial court had no jurisdiction to determine the cause of action presented on the trial because same had not been passed upon by the Industrial Accident Board.

"* * * In other words it [appellant] contends that because the alleged injury was shown to have been received in a different manner than it was claimed to have been received in the claim before the Industrial Accident Board, that it constituted a different claim from that presented to the Board and therefore the trial court was without jurisdiction to adjudicate same. As we understand the Authorities, appellant's contentions have been consistently overruled since the Supreme Court handed down its opinion in the case of Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W. 2d 322; Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631; Insurors Indemnity [& Insurance] Co. v. Brown, Tex.Civ.App., 172 S.W.2d 174; Texas Employers Ins. Ass'n v. Grimes, Tex.Civ.App., 186 S.W.2d 280. We agree with appellant that the trial court is without jurisdiction to litigate the question of incapacity resulting from an injury not presented and passed upon by the Industrial Accident Board. However, *the exact manner in which the injury is received is usually of little importance other than to enable the insurance company in making an investigation of the alleged injury. The most that could be said of the facts here presented is that the appellee sustained his alleged injury in a different manner than represented in his claim before the Industrial Accident Board. This of itself is not sufficient to make of appellee's cause of action another and different claim. * * ***" (Emphasis ours.)

We think appellant's second point does not present error under this record and same is overruled.

Appellant's third point reads as follows:

"There is no evidence to support the jury finding to Special Issue No. 6a that total disability began on July 21, 1953."

We have carefully examined the record and find this point to be without merit and appellant's third point is overruled.

Appellant's fourth point reads as follows:

"The judgment is excessive in that no allowance is made for pay received by appellee from July 21, 1953, the date of his injury to October 19, 1954, the date of disability."

As above held, there was evidence of probative force to support the jury finding that appellee's total disability began on July 21, 1953—we further think the evidence sufficiently supports such finding—in fact, appellant has not questioned the sufficiency of the evidence, but merely raises the "no evidence" question. The law is well settled in this state that a workman is not necessarily precluded from recovering workmen's compensation benefits for a period of time in which he was gainfully employed by reason of working and earning wages following the date of injury. In National Surety Co. v. Roberts, Tex.Civ.App., 217 S.W.2d 894, 902, it is stated:

"The rule is established in this state that a compensation claimant is not necessarily precluded from recovering compensation by reason of working and earning wages following the date of injury. This rule finds support in the argument and cases cited by appellant under Points Nos. 1 and 2, among which citations is 45 Tex.Jur., p. 588; Hartford Accident & Indemnity Ins. Co. v. Miller, Tex.Civ.App., 5 S.W.2d 181; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058; Texas Emp. Ins. Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302; Traders & General Ins. Co. v. Heath, Tex.Civ.App., 197 S.W.2d 130."

Appellant's 4th point is overruled.

Appellant's 5th, 6th, 7th and 8th points complain of various arguments of appellee's counsel. The bills of exceptions filed by appellant with respect to these

arguments contain various qualifications made thereto by the trial court. We have carefully examined the arguments in question, the trial court's qualifications of the bills of exception in question, and the entire record, and we are of the opinion that in the light of the record as a whole the arguments in question neither singly nor collectively were reasonably calculated to cause nor probably did cause the rendition of an improper judgment in the cause; and that the arguments in question neither singly nor collectively would constitute reversible error under the record in this cause. Rules 434 and 503, Texas Rules of Civil Procedure; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054; Whitener v. Traders & General Ins. Co., Tex.Sup., 289 S.W.2d 233; Benefit Ass'n of Ry. Employees v. Dahn, Tex. Civ.App., 272 S.W.2d 762, err. ref., N.R.E.; Roosth & Genecov Production Co. v. White, Tex.Civ.App., 281 S.W.2d 333, err. ref., N.R.E. Appellant's 5th, 6th, 7th and 8th points are overruled.

The judgment of the trial court is affirmed.